## Ewing *versus* Furness.

An administrator who fails in a suit, instituted by himself, is personally liable for the costs.

ERROR to the Common Pleas of *Lancaster county.*

This was an action by Furness, administrator of Alexander Ewing, *vs.* Samuel S. Ewing, to November term, 1844—Trover and conversion.

On the 17th June, 1843, Alexander Ewing, deceased, assigned all his estate for the benefit of his creditors to Joseph Ballance. The assignee filed his account October 16, 1844, and on the 25th November, 1844, it was confirmed. An auditor was appointed to distribute the balance among the creditors. His report was confirmed January 20, 1845, and the creditors, paid their respective dividends by the assignee.

An action of Trover and Conversion of the goods and chattels of the said Alexander Ewing, deceased, was instituted by his administrator, Oliver Furness, to November term, 1844; No. 73, against Samuel S. Ewing, which resulted in favor of the said defendant, Samuel S. Ewing. A writ of error was sued out by the plaintiff and the Supreme Court affirmed the judgment of the court below: 2 *Barr* 479, Ewing *vs.* Ewing.

The defendant, Ewing, then issued a *fi. fa.* for the costs, which was returned *nulla bona.* He next issued a *fi. fa. de bonis propriis.* This was set aside by the court; but no entry made by the clerk on the docket. A writ of error was taken to the Supreme Court, but as no record was filed, judgment of "*non pros.*" was entered. The defendant then issued a *fi. fa. de bonis propriis,* which was set aside by the court for two reasons, to wit: that the execution was issued at the time the record was in the Supreme Court, and that the plaintiff was not personally liable. The de-

fendant then filed a certificate December 8, 1849, from the Supreme Court in the Prothonotary's office; and on the 12th of December, 1849, issued another *fi. fa. de bonis propriis*, which was set aside by the court: and the question now submitted is, whether Oliver Furness is liable *de bonis propriis* for the costs.

His Honor, Judge LEWIS, filed an elaborate opinion, in which reference was made to the case of Musser *vs.* Good, 11 *S. & R.* 247, and to the cases of Muntorf *vs.* Muntorf, and Penrose *vs.* Pawling, and Show *vs.* Conway, and in which he contended that the case of Musser *vs.* Good had not been interfered with by subsequent decisions.

It was assigned for error:

The court erred in setting aside the execution; because an administrator who fails in an unjust claim, is bound to pay costs, as well when he sues in his representative character, as when the cause of action arises after the death of the testator.

The case was argued for plaintiff in error, Ewing, by *A. Herr Smith*, with whom was *Stevens*.—He contended that the administrator was personally liable for the costs: see 2 *Rawle* 180, Muntorf *vs.* Muntorf; 8 *W. & S.* 380, Penrose *vs.* Pawling; 7 *Barr* 136, Show *vs.* Conway; *Amer. Law Lournal*, Nov. 1848, p. 233; 30 *E. C. L. R.* 218, Farley *vs.* Briant.

*Franklin*, for defendant in error, the administrator.—This was an action of trover and conversion of the goods of the plaintiff's intestate. There was no suggestion or allegation of fault on the part of plaintiff. He established a *prima facie* right to recover; but was defeated by proof of acceptance by creditors of dec'd. of a dividend of the assets of an assignment, under which the assignee had received part of the consideration of the transfer; as appears by the report of case in 2 *Barr* 479, Ewing *vs.* Ewing. He contended that the administrator is not personally liable for costs: 6 *Maule & Selwyn* 178; 3 *Barn. & Ald.* 213; 5 *Eng. Com. Law Rep.* 265; 23 do. 455; *Toller on Ex'rs.* 439; 4 *Term. Rep.* 277; 11 *S. & R.* 247, Musser *vs.* Good; *Brightly on Costs*, 109; 2 *Pa. Prac.* 450.

PER CURIAM.—Let the order, setting aside the execution, be reversed, on the authority of several decisions of this Court directly in point.